UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSIE A. ADAM, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00010-HAB-SLC |
| ) | |
| D & W FINE PACK, *et al.*, ) | |
| ) | |
|       Defendants. ) | |

## OPINION AND ORDER

Before the Court is a Motion for a More Definite Statement filed on June 16, 2020, by Defendant D & W Fine Pack ("D & W"), asserting that it cannot reasonably prepare a meaningful response to Plaintiff's complaint and asking that the Court order Plaintiff to make a more definite statement of her claims. (ECF 29). Plaintiff has not filed a response to the motion, and her time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Thus, the motion is unopposed.

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements." *Dittmann v. Xerox Bus. Servs., LLC*, No. 2:16-CV-16-PPS-PRC, 2016 WL 3421163, at *1 (N.D. Ind. June 22, 2016). "In general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)). "Rule 12(e) motions should not be used as a substitution for discovery." *Dittmann*, 2016 WL 3421163, at *1 (citing *Nikolic v. St. Catherine Hosp.*, No. 2:10-CV-406,

2011 WL 4537911, at *6 (N.D. Ind. Sept. 28, 2011)). "However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties." *Id.* (citing *Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006)).

Here, as D & W emphasizes, in her second amended complaint Plaintiff is advancing multiple federal and state claims against D & W and twelve individual Defendants. (ECF 27 ¶ 1). Plaintiff, however, fails to specify which claims she is advancing against each particular Defendant. (*See id.* ¶¶ 7, 8). Furthermore, as to her factual allegations, while Plaintiff in one paragraph does identify the individual Defendants by name and adequately describe their alleged actions (*see id.* ¶ 8(a)), in the majority of her remaining paragraphs she does not specify whether the alleged conduct pertains to a particular Defendant, all thirteen Defendants, or some subset of Defendants (*see id.* ¶¶ 8(b), 8(c), 8(d), 8(h)).

Having considered the instant motion, "[t]he Court finds that [D & W's] motion is not the impermissible type designed to conduct premature discovery, nor is it intended to impermissibly elicit more facts from Plaintiff. Rather, [D & W] is attempting to ascertain which facts and claims are alleged as to [D & W]." *Dittmann*, 2016 WL 3421163, at *2. This is a problem curable by a Rule 12(e) motion, *see, e.g., id.*; *Collins*, 2006 WL 3627639, at *4, and to reiterate, Plaintiff has not filed a response in opposition to the motion, *see Dittmann*, 2016 WL 3421163, at *2.

Therefore, D & W's Motion for a More Definite Statement (ECF 29), which is unopposed, is GRANTED. Plaintiff is ORDERED to file on or before August 11, 2020, an amended complaint that includes a more definite statement as to which claims and factual

allegations are levied against D & W, as well as which claims and factual allegations are levied against each other Defendant. That is, in the amended complaint Plaintiff must "specifically name the pertinent party in each allegation instead of generally referring to [the 'Defendant' or] 'the Defendants' and shall indicate which claims he is bringing against each [D]efendant." *Dittmann*, 2016 WL 3421163, at *2.

SO ORDERED.

Entered this 28th day of July 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge